IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENZEL D. JOHNSON, | : | Civil No. 3:24-cv-1884 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| HEAD OF CORRECTIONS DEPARTMENT, J. RIVELLO, JARED SUNDERLAND, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Denzel Johnson, an inmate who was confined, at all relevant times, at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Named as Defendants are the Head of the Corrections Department, Superintendent Rivello, and Head Supervisor of Maintenance Repair Sunderland. Johnson sets forth two separate claims in his complaint. Along with his complaint, Johnson submitted a motion to proceed *in forma pauperis*. (Doc. 3).

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the motion to proceed *in forma pauperis* will be granted, and the first claim will be dismissed with prejudice as barred by the statute of

---

[1] Johnson is currently confined at the State Correctional Institution, Fayette, in LaBelle, Pennsylvania. (Doc. 7).

limitations. The second claim of the complaint fails to state a claim upon which relief can be granted. As such, this claim will be dismissed, but without prejudice to Johnson's right to submit an amended complaint to cure the deficiencies stated herein.

I.   **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa.

2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

4

Because Johnson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.     The Complaint

Johnson's first claim arose in 2017. (Doc. 1, pp. 4-7). Johnson alleges that, in 2017, he began working in the maintenance department at SCI-Huntingdon and was supervised by J. Sunderland. (*Id.* at p. 7). In December 2017 and July 2018, Johnson alleges that Sunderland created a hostile work environment, verbally and sexually harassed him, and prevented him from progressing at work. (*Id.* at pp. 4-7). Johnson reported Sunderland's alleged actions to Inmate Employment, and Johnson received a different work assignment. (*Id.* at p. 5). Johnson was reassigned to the maintenance department and Sunderland allegedly continued to harass him. (*Id.*).

Johnson's second claim arose in 2024. (*Id.* at pp. 6-7). Johnson alleges that he was placed in protective custody on August 15, 2024, "after an attempt on [his] life." (*Id.* at p. 6). He then alleges that "security tr[i]ed to kick [him] out" on August 21. (*Id.*). Johnson informed "them" that he feared for his safety and did not want to be released from protective custody. (*Id.*). He alleges that he "was punished." (*Id.*). On August 26, Johnson submitted a Prison Rape Elimination Act ("PREA") complaint and the PREA team interviewed him on August 30. (*Id.*).

## III. Discussion

The first claim raised by Johnson is clearly barred by the statute of limitations. The first claim occurred from approximately November 2017 through July 2018. (Doc. 1, pp. 4-7). The instant complaint was not filed until October 24, 2024. (Doc. 1). "In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations for personal injury actions in Pennsylvania is two years. *See id.*; PA. CONS. STAT. ANN. § 5524. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp.*, 142 F.3d at 599. As such, Johnson's first claim is barred by the statute of limitations because he commenced this action more than two years after the events at issue. The Court will dismiss this claim with prejudice.

The second claim is not barred by the statute of limitations but fails to state a claim as presently alleged. The complaint is deficiently pled. Johnson only alleges that he was placed in protective custody on August 15, 2024, and security attempted to "kick [him] out" on August 21. (Doc. 1, p. 6). Johnson does not specifically identify any individual who placed him in protective custody or attempted to remove him from protective custody. Nor does he indicate why or how he was "punished." (*Id.*). The Court will dismiss this claim with leave to amend.

6

## IV. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Johnson's first claim is barred by the statute of limitations and will be dismissed with prejudice and without leave to amend.

Johnson's second claim is not in violation of the statute of limitations but, as presently drafted, fails to state a claim for relief. Johnson will be afforded the opportunity to litigate this matter by endeavoring to promptly file an amended complaint only with respect to his second claim.

## V. Conclusion

Consistent with the foregoing, the Court will dismiss Johnson's first claim. Johnson will be given leave to file an amended complaint with respect to his second claim, in the event he can allege additional facts sufficient to state a plausible claim.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: December 11, 2024