## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENZEL D. JOHNSON,                    :        Civil No. 3:24-cv-1884
                                      :
                Plaintiff             :        (Judge Mariani)
                                      :
        v.                            :
                                      :
LAUREL HARRY, *et al.*,               :
                                      :
                Defendants            :

## MEMORANDUM

Plaintiff Denzel Johnson ("Johnson"),[1] an inmate who was housed, at all relevant times, at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[2]  (Doc. 1).  The matter is proceeding via an amended complaint.  (Doc. 10).  Named as Defendants are Secretary Laurel Harry, Superintendent J. Rivello, and Head Supervisor of Maintenance Repair Jared Sunderland.

Presently before the Court is Defendants' motion to dismiss the amended complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  (Doc. 17).  Johnson filed a

---

[1]    Johnson identifies as "an openly Transgender woman[.]" (Doc. 20, at 2).  Throughout Johnson's filings, Johson uses "he/she" pronouns.  (*See, e.g.,* Doc. 26).  The Court thus refers to Johnson as he/she.

[2]    Johnson is currently confined at the State Correctional Institution, Fayette, in LaBelle, Pennsylvania.  (Doc. 7).

[3]    Defendants assert that if their instant motion is granted, this action will proceed solely on the Eighth Amendment excessive force claim against Defendant Sunderland.  (*See* Doc. 18, at 1 n.1).  As set forth herein, Johnson's Eighth Amendment, Fourteenth Amendment, and state law claims will proceed.

brief in opposition (Doc. 20)[4], and Defendants filed a reply brief (Doc. 21). Accordingly, Defendants' motion for partial dismissal is ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion in part and deny it in part, and grant Johnson limited leave to amend.

I.    **Legal Standard**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual

---

[4]    Johnson's brief in opposition to Defendants' motion for partial dismissal contains facts that are not expressly set forth in the amended complaint. (*See* Doc. 20). The Court may not consider such allegations because a complaint cannot be amended by way of an opposition brief. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II.    Allegations of the Amended Complaint

Johnson alleges that in January 2024, he/she was hired back onto the maintenance repair crew, despite his/her previous disputes with Defendant Sunderland in 2018. (Doc. 10 ¶ 8). When Johnson returned to work, Defendant Sunderland allegedly told Johnson that he was going to make the repair crew "the worst experience of [Johnson's] life." (*Id.*).

In March 2024, Defendant Sunderland allegedly ordered Johnson to clean the toilet in the staff bathroom. (*Id.*). While in the staff bathroom, Johnson alleges that Defendant Sunderland sexually assaulted him/her. (*Id.*). During this encounter, Johnson alleges that Defendant Sunderland raped him/her and forced him/her to perform oral sex. (*Id.*). Johnson alleges that he/she begged Defendant Sunderland to stop, but he refused and continued to violate him/her. (*Id.*). Defendant Sunderland allegedly threatened Johson not to tell anyone about the incident or he would "make sure [his/her] time here [would] be difficult." (*Id.*). After Defendant Sunderland stopped, Johnson alleges that he/she told Defendant Sunderland that he/she would "never do that with him again[,]" and Sunderland allegedly prevented Johnson from going back to work. (*Id.* ¶ 9).

From April 12, 2024 to August 15, 2024, Johnson was allegedly sexually and physically harassed by other inmates due to Defendant Sunderland allegedly telling other

inmates that Johnson would do anything sexual for commissary. (*Id.*). Based on these

incidents, Johnson "checked in to protective custody." (*Id.*). On August 19, 2024,

Defendant Sunderland went to the Restricted Housing Unit, where Johnson was housed,

and allegedly said to Johnson: "I told you I would make your stay difficult." (*Id.*).

Johnson raises claims for "sexual assault & abuse by [a] prison official[.]" (*Id.* ¶ 10).

Johnson also raises claims under the Eighth and Fourteenth Amendments. (*Id.*).

Defendants now move to dismiss Johnson's Fourteenth Amendment claim and the

claims against Defendants Harry and Rivello. (Doc. 18).

## III.    Discussion

### A.    Fourteenth Amendment Claim

Johnson alleges a Fourteenth Amendment due process claim arising out of the

alleged incident with Defendant Sunderland. (Doc. 10 ¶ 10). The conduct Johnson alleges

in support of his/her Fourteenth Amendment claim is based on the same conduct he/she

alleges in support of his/her Eighth Amendment claim. (*Id.*). Defendants thus seek

dismissal of Johnson's due process claim as barred by the "explicit source rule." (Doc. 18,

at 4-5). The Court disagrees and will deny Defendants' motion to dismiss the Fourteenth

Amendment claim.

Johnson does not indicate if he/she is asserting a Fourteenth Amendment

procedural due process claim or a substantive due process claim. The Court interprets

Johnson's amended complaint as raising a Fourteenth Amendment substantive due process claim for violation of Johnson's right to bodily integrity.

The Due Process Clause of the Fourteenth Amendment provides that: "No State shall...deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To demonstrate that [his/her] substantive due process rights were violated, [Johnson] must establish that 'the particular interest at issue is protected by the substantive due process clause,' and that 'the government's deprivation of that protected interest shocks the conscience.'" *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018) (citing *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). The conduct alleged here is severe enough to implicate Johnson's right to bodily integrity and to shock the conscience.

With respect to the first element, the Third Circuit has recognized that "[i]ndividuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment." *Kane*, 902 F.3d at 192 (quoting *Phillips*, 515 F.3d at 235) (alteration in original).[5] This includes the right "to freedom from invasion of [one's] personal security through sexual abuse." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d Cir. 1989). Thus, Johnson had a right not to have his/her bodily integrity violated by Defendant Sunderland, a state employee.

---

[5]    In *Kane*, the Third Circuit held, *inter alia*, that an officer who took intimate photos of a sexual assault victim in a sexually gratifying manner, and in violation of professional and departmental standards, deprived the victim of her right to bodily integrity. *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018).

With respect to the second element, the Court must consider whether Defendant Sunderland's conduct shocks the conscience. Johnson alleges that Defendant Sunderland sexually assaulted him/her, raped him/her, and forced him/her to perform oral sex, all against Johnson's will and without his/her consent. (Doc. 10 ¶ 8). In determining whether conduct shocks the conscience, the Third Circuit has instructed as follows:

> While "only the most egregious official conduct" can shock the conscience, "[t]he level of culpability required for behavior to shock the conscience largely depends on the context in which the action takes place." In this regard, we have observed that "[i]n a hyperpressurized environment, such as a high-speed police chase, intent to harm is required." However, "where deliberation is possible and officials have the time to make unhurried judgments, deliberate indifference is sufficient." Here, there is no indication that [the defendant] faced circumstances calling for quick decision-making while photographing [the plaintiff]. To the contrary, [the defendant] had time for "actual deliberation." Accordingly, the standard here is deliberate indifference, which requires "a conscious disregard of a substantial risk of serious harm."

*Kane*, 902 F.3d at 192 (citations omitted).

Here, Johnson alleges that he/she returned to the maintenance department as an employee in January 2024. (Doc. 10 ¶ 8). As "soon as" he/she returned to work, Defendant Sunderland allegedly told Johson that he would make his/her time in the maintenance department "the worst experience of [Johnson's] life." (*Id.*). Johnson then alleges that, in March 2024, Defendant Sunderland sexually assaulted and raped him/her. (*Id.*). Thus, the allegations infer that Defendant Sunderland "had time for 'actual deliberation.'" *Kane*, 902 F.3d at 192 (citations omitted). Johnson's allegations, if true, show that Defendant Sunderland's conduct amounts to "a

conscious disregard of a substantial risk of serious harm.'" *Kane*, 902 F.3d at 192

(quoting *L.R. v. Sch. Dist. of Philadelphia*, 836 F.3d 235, 246 (3d Cir. 2016)).

Johnson has adequately alleged conduct by Defendant Sunderland that violated

his/her bodily integrity and that Sunderland's conduct shocks the conscience, in violation of

Johnson's Fourteenth Amendment substantive due process rights. The Court will deny the

motion to dismiss the Fourteenth Amendment claim and this claim shall proceed.

B.    Claims Against Defendants Harry and Rivello

In a Section 1983 action, the personal involvement of each defendant in the alleged

constitutional violation is a required element, and, therefore, a plaintiff must allege how each

defendant was involved in the events and occurrences giving rise to the claims. *See Rode*

*v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, "[s]uits against high-level

government officials must satisfy the general requirements for supervisory liability."

*Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in

which a supervisor-defendant may be liable for unconstitutional acts undertaken by

subordinates." *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014),

*reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor

may be liable if he or she "'with deliberate indifference to the consequences, established

and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"

*Barkes*, 766 F.3d at 316 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372

F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, 'a supervisor may be

8

personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced' in the subordinate's unconstitutional conduct." *Id.*

In the amended complaint, Johnson alleges that Superintendent Rivello is "legally responsible for the operations of SCI-Huntingdon and for the welfare of all the inmates in that prison." (Doc. 10 ¶ 5). Johnson alleges that Defendant Harry is the "Head of Corrections" and is "legally responsible for the overall operation of the Department and each institution under its jurisdiction, including SCI-Huntingdon." (*Id.* ¶ 4). Johnson fails to connect these broad allegations to the complained of harm, which is predicated upon the use of excessive force by Defendant Sunderland. Additionally, Johnson does not identify the failure of an existing policy or procedure or training program that would have placed a supervisory defendant on notice of the need to change its practices.

As to the second basis of supervisory liability, there are no factual allegations to support an inference that Defendants Harry or Rivello participated in the violation of Johnson's rights, directed others to violate them, or had knowledge of and acquiesced in the challenged conduct. In fact, the body of the amended complaint does not contain any factual allegations against Defendants Harry or Rivello. (*See* Doc. 10).

Thus, Johnson has not stated a cognizable Section 1983 claim against Defendants Harry or Rivello. The Court will grant Defendants' motion to dismiss the claims against

Harry and Rivello. Johnson will be afforded the opportunity to file a second amended complaint to correct the identified pleading deficiencies.

### C.    State Law Claims

The Court interprets Johnson's amended complaint as raising state law claims sounding in assault and battery. (Doc. 10 ¶ 10). Defendants do not address or challenge the sufficiency of Johnson's state law claims. (*See* Doc. 18). The Court will *sua sponte* address Johnson's state law claims. Under Pennsylvania law, an "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (Pa. 1994). The allegations against Defendant Sunderland are plainly sufficient to assert state law claims for assault and battery at this juncture. The Court will allow Johnson's state law claims to proceed.

## IV.    **Leave to Amend**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted).

10

The pleading deficiencies of Johnson's claims against Defendants Harry and Rivello are largely factual in nature and thus conceivably could be cured by an amended pleading. Therefore, the Court will grant Johnson leave to amend his/her claims against Defendants Harry and Rivello.

## V.    Conclusion

For the reasons stated above, Defendants' motion for partial dismissal will be granted in part and denied in part. (Doc. 17). The motion to dismiss the Fourteenth Amendment claim will be denied. The Fourteenth Amendment and Eighth Amendment civil rights claims may proceed into discovery. Defendants do not challenge the sufficiency of the state law claims and they may proceed into discovery as well.

The motion to dismiss the claims against Defendants Harry and Rivello will be granted; however, Johnson will be given leave to amend his/her claims against Defendants Harry and Rivello.

A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: January 20, 2026